IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELBY CASUALTY INSURANCE CO. :

v. : Civil Action No. DKC 2004-2601

FRANK FARKAS :

**MEMORANDUM OPINION**

Several motions are pending and ready for resolution in this insurance contract dispute. Plaintiff filed (1) a motion to dismiss the counterclaim (paper no. 8), (2) a motion to strike answer (paper no. 9), and (3) a motion for summary judgment (paper no. 16). Defendant more recently filed a motion to file responses to requests for admission out of time (paper no. 28). For the reasons that follow, the motion to dismiss counterclaim will be granted in part and denied in part, the motion to strike answer will be denied, the motion to file responses to requests for admission out of time will be granted, and the motion for summary judgment will be denied.

## I. Background

This case arises from a homeowner's insurance policy issued by Shelby Casualty Insurance Company for property occupied by Frank Farkas. In its complaint for declaratory judgment, Shelby alleges that Farkas' claim after the September 18, 2003

Hurricane Isabel contained material misrepresentations, including the existence of rain gutters on the property. The complaint also alleges that Mr. Farkas failed to mitigate damages. It contends that the entire contract is void if the insured intentionally conceals or misrepresents a material fact before or after a loss. Thus, Shelby seeks a declaration that either the insurance contract is void *ab initio* or the claim is barred, and judgment for sums already advanced to Mr. Farkas.

Mr. Farkas answered and filed a counterclaim for breach of contract. For relief, Mr. Farkas seeks judgment in the amount of $84,703, and a finding that Shelby acted in bad faith in its refusal to negotiate reasonably and fairly.

## II. Motion to Dismiss Counterclaim

Shelby moves to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6), contending that Defendant’s counterclaim fails to aver that all conditions precedent to recovery have been performed or occurred and that Maryland law does not recognize a claim for bad faith in a first party claim.

Mr. Farkas’ answer denies that he failed to comply with any of the terms or conditions of the insurance policy. Thus, the entire pleading contains the averments necessary to state a claim for breach of contract.

The claim for bad faith, to the extent that Mr. Farkas seeks damages in excess of the contract coverage, must be dismissed. Maryland simply does not recognize a cause of action for bad faith failure to pay by the insured:

> The Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort. *See, e.g., Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 741 A.2d 1099, 1107-08 (Md. 1999) ("Under Maryland law, an insurer who mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants . . . . Instead, the duty owed . . . is entirely contractual."). The Maryland rule serves to "confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions." *Yuen v. Am. Republic Ins. Co.*, 786 F.Supp. 531, 533 (D.Md. 1992). The decision of how to regulate insurance companies and remedy consumer complaints is a core issue of state policy which federal courts are bound to follow, not free to reconstruct.

*Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476-77 (4th Cir. 2001). Thus, Counter-Plaintiff may not state any claim based on the alleged bad faith of Shelby and that portion of the counterclaim will be dismissed.

## III. Motion to Strike

Shelby moves to strike Defendant's answer pursuant to Fed.R.Civ.P. 12(f) and 8(b) on the ground that the answer fails

to admit or deny all of the averments upon which Plaintiff relies. Defendant's answer does seem to contain an ambiguous denial: "Defendant denies having made any material misrepresentation of fact to the Plaintiff including but not limited to the rain gutters as alleged in the Complaint." Paper no. 5, at 2. Plaintiff took that to mean that Defendant denied making any representation concerning gutters, not that he denied that there were none on the house before the hurricane. Thus, Plaintiff should have moved for a more definite statement, not to strike the answer. Mr. Farkas has made his position clear, testifying that there were gutters on the house, and the Answer is deemed amended.

**IV. Motion to File Responses to Requests for Admissions Out of Time**

Mr. Farkas, now appearing through counsel, contends that he did not receive or did not notice the requests for admission served along with the motion for summary judgment on January 31, 2005. At that time, service was made on Mr. Farkas directly. While there were indications from which Mr. Farkas, or his counsel, could have known that the requests were outstanding (see status report filed by Shelby on January 31, 2005), the failure to respond sooner cannot be said to have prejudiced Shelby. They were not served until the date for the close of

discovery, so the absence of a denial could not have affected Shelby’s decisions on what discovery to take. (It is more likely that Shelby’s interpretation of the answer was the cause of its litigation strategy.) On the other hand, now that Mr. Farkas’ position is clarified, i.e., that he denies that there were no gutters, and denies that he misrepresented that fact, it is appropriate to reopen discovery so that Shelby can explore the situation.

## V. Motion for Summary Judgment

Just as its complaint turns on whether there were gutters on the house before the hurricane, so too does the motion for summary judgment. Mr. Farkas has testified under oath, however, that there were gutters on the house. No amount of contrary evidence can overcome that dispute of fact. Accordingly, particularly with the responses to the requests for admission now accepted, Plaintiff’s motion for summary judgment is denied.

## VI. Conclusion

A separate order will be entered, embodying the rulings herein, and reopening discovery for a period of sixty days. The case will also be referred to a magistrate judge for alternate

dispute resolution. If those efforts are unsuccessful, a trial date will be set.

/s/
DEBORAH K. CHASANOW
United States District Judge

May 5, 2005